IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRAVIS LAND DAVIS                                                                           PLAINTIFF

              v.                    Civil No. 1:13-cv-01056

TREY PHILLIPS; TODD SUBER;
TENNILLE PRICE; UNION COUNTY
JUSTICE CENTER; ROBERT JEFFERYS;
TAMMIE GOODWIN; GEORGE VANHOOK;
MIKE MCGOUGH; BILL HICKMAN; and
HAMILTON H. SINGLETON                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Travis Davis filed this case *pro se* pursuant to 42 U.S.C. § 1983 on June 27, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

      At the time he filed his Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas. Plaintiff's address of record indicates he is now incarcerated in the Ouachita County Detention Center, in Camden, Arkansas.

      In Plaintiff's Complaint, he names Officer Trey Phillips, Detective Todd Suber, Deputy

1

Prosecutor Tennille Price, Union County Criminal Justice Center, Attorney Robert Jefferys, Officer Tammie Goodwin, Judge George Vanhook, Sheriff Mike McGough, Jail Administrator Bill Hickman, and Judge Hamilton Singleton as Defendants in this matter. Plaintiff claims he was illegally arrested and incarcerated. ECF No. 1, p. 5. Specifically, Plaintiff alleges: (1) he was housed in a felony pod at the UCDC with only misdemeanor charges; (2) Officer Tammy Goodwin arrested Plaintiff; (3) Officer Trey Phillips participated in Plaintiff's arrest; (4) Detective Todd Suber presented a false probable cause affidavit to Judge Vanhook at Plaintiff's first appearance; (5) he was never arrested on any felony charges; (6) he did not get a "fair non-adversary" hearing; (7) Sheriff Mike McGough received two felony bench warrants on Plaintiff after Plaintiff was incarcerated in UCDC for twenty-four (24) days; (8) he was served with two petitions to revoke suspended imposition of sentence bench warrants after being incarcerated for twenty-five (25) days; (9) at his bench trial before Judge Hamilton Singleton, for the felony charges, he was denied his witnesses and evidence. (ECF No. 1, pp. 5-7). As relief, Plaintiff requests the Court reinstate his imposition of suspended sentence and release him from custody. ECF No. 1, p.5. Additionally, Plaintiff requests the Court charge Detective Todd Suber with perjury and award Plaintiff three million dollars. ECF No. 1, p. 8.

## II.     APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325

2

(1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

The crux of Plaintiff's Complaint is that he was illegally incarcerated. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the UCDC fails to state a cognizable claim under section 1983.

Further, Plaintiff's claims only challenge his arrest and incarceration. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff did not make any allegations that his criminal conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's claims regarding the illegality of his arrest and incarceration are not cognizable claims under section 1983.

Moreover, many of the Defendants named by Plaintiff are not subject to suit under section 1983. Judges Vanhook and Singleton are immune from suit under section 1983. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judges Vanhook or Singleton that was nonjudicial or taken without jurisdiction. Accordingly, Judges Vanhook and Singleton are immune from suit.

Deputy Prosecuting attorney Tennille Price is also immune from suit. In *Imbeler v. Pachtman,* the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or

administrative capacity is only entitled to qualified immunity). Plaintiff failed to allege any claim that Price acted outside of initiating a prosecution and presenting the State's case against him.

To the extent the complaint seeks injunctive relief against Price, I find the claim is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm. *See Pulliam v. Allen,* 466 U.S. 522, 538 (1984). Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975). Plaintiff has not alleged he exhausted his state remedies regarding his criminal conviction. Therefore, Plaintiff has not stated a cognizable claim for injunctive relief against Price under section 1983.

Attorney Robert Jefferys also is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). It is unclear from Plaintiff's Complaint whether Jefferys was his public defender or his private attorney but regardless Plaintiff made no allegations that Jefferys was a state actor. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (only a state actor can be held liable under section 1983); *see also Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against Jefferys.

Lastly, Plaintiff names the Union County Criminal Justice Facility as Defendant in this

5

matter.  The Union County Criminal Justice Facility is a building and not a person or legal entity subject to suit under section 1983.  *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).  Therefore, the Union County Criminal Justice Facility cannot be named as a defendant in this matter.

Additionally, while Plaintiff named Sheriff McGough and Lt. Greer as Defendants he failed to make any factual allegations against either of them. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Sheriff McGough and Lt. Greer cannot be held liable under section 1983 merely because they hold supervisory position at the UCDC.

Finally, while Plaintiff makes a conclusory allegation that he was illegally arrested he makes no further factual allegations against Officers Trey Phillips, Todd Suber, or Tammie Goodwin—the arresting and investigating officers.  Plaintiff explains the facts surrounding his arrest and transportation to the UCDC but he does not make any claims or factual allegations of illegal searches or seizures, excessive force, or any other constitutional violations by these officers.

Accordingly, Plaintiff has failed to state a cognizable illegal arrest claim under section 1983.

## IV.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of September 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE